UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, Appellant, v REBEKA BLUMENFELD et al., Respondents. [978 NYS2d 846]—

In this action for a declaratory judgment, defendants moved for summary judgment dismissing the amended complaint. After the lower court denied the motion, this Court reversed, granted the motion, and declared that the life insurance policy at issue is valid (*United States Life Ins. Co. in the City of N.Y. v Blumenfeld*, 92 AD3d 487 [2012]). Plaintiff did not move to reargue or for leave to appeal to the Court of Appeals.

After this Court issued its decision, the motion court dismissed the amended complaint in its entirety in accordance with our order. Plaintiff appeals, arguing that the complaint should not have been dismissed in its entirety because, on the prior appeal, this Court analyzed only the issue of whether its acceptance of premium payments after learning of grounds to rescind the subject policy operated as a waiver of its right to rescind, but did not reach the remaining claims for fraud/misrepresentation, negligent misrepresentation, and breach of the duty of good faith and fair dealing, or the request for attorneys' fees, costs, and punitive damages. Plaintiff's argument is unavailing.

The tort claims and the rescission claim are based on the same allegations, i.e., that plaintiff was harmed by issuing a policy that it would not have issued had defendants not made false representations and/or omissions in the insurance application, and merely seek different relief. Notably, this Court specifically found that plaintiff's acceptance of the premium payments after it "had sufficient knowledge of potential material misrepresentations warranting rescission of the policy" and after it commenced this action, "constituted a ratification of the policy and a waiver of its right to rescind" (92 AD3d at 489-490). Accordingly, we dismissed the entire complaint. Concur—Tom, J.P., Acosta, Andrias, Freedman and Feinman, JJ.